**UNITED STATES of America**

v.

**John Lewis HENDRICKSON.**

**Crim. No. 13017.**

United States District Court
M. D. Pennsylvania.

Sept. 13, 1962.

Bernard J. Brown, U. S. Atty., Scranton, Pa., Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa., for plaintiff.

Merrill W. Linn, Lewisburg, Pa., for defendant.

FOLLMER, Chief Judge.

This is a motion by the defendant in a criminal case to vacate the judgment of conviction and set aside the sentence under 28 U.S.C. § 2255 on the alleged grounds that he was "psychotic and mentally incompetent before, during and after his trial and sentences were imposed upon him in this Court on April 29, 1958."

The defendant was indicted in a two-count Indictment charging escape from the Federal Prison Camp at Allenwood, Pennsylvania, where he was confined, and also for the theft of Government property, namely, a Jeep, the value of which was in excess of $100.00.

Defendant, in company with another prisoner at the Prison Camp aforesaid, escaped and in their escape took a Willys Jeep, a fire truck at the said Camp, drove away from the Camp and deserted the Jeep in Potter County, Pennsylvania. Defendant was later apprehended in Louisiana and returned to the Penitentiary.

The question posed here is whether at the time of trial defendant was mentally competent to understand the proceedings against him and properly assist in his own defense. There is a division among the courts upon whether that question can be raised by a motion under Section 2255.[1]

The Supreme Court vacated the judgment of the District Court which had been affirmed by the Court of Appeals in the Bishop case and remanded it to the District Court for a hearing on the sanity of the petitioner at the time of his trial. Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956).

From an abundance of caution, this Court directed that a hearing be held on the motion; that the defendant should be present; and that the United States Attorney should secure and make a part of the record such documents, records and reports requested in the motion as were available. An experienced trial attorney was appointed by the Court to represent defendant at the hearing.

1. Bishop v. United States, 96 U.S.App.D.C. 117, 223 F.2d 582 (1955), see Note 4.

The Court suggested to the United States Attorney that a Board of Psychiatric Examiners, such as is contemplated in 18 U.S.C. § 4245, be convened, conduct an examination of defendant and report their findings to the Court.

The hearing in open Court was attended by defendant and his court appointed counsel. The testimony of the defendant, the Chief Medical Officer and the Administrative Assistant, United States Penitentiary, Lewisburg, Pennsylvania, was taken. Affidavit of Paul E. Johnson, Esq., who as court appointed counsel represented petitioner on his trial resulting in a conviction, was filed.

Finally, there was introduced into evidence the report of the Board of Psychiatric Examiners convened as aforesaid by the United States Attorney at the request of the Court. This Board consisted of the following, Dr. L. R. Angus, Psychiatrist, State Mental Hospital, Danville, Pennsylvania; Dr. Leon A. Witkin, Chief Medical Officer, Dr. T. F. Gumina, Medical Officer, and Mr. Karl Einig, Clinical Psychologist, United States Penitentiary, Lewisburg, Pennsylvania. This comprehensive report discloses the following diagnosis: "It is the consensus of the Board of Examiners that Don Lewis Hendrickson is not now psychotic and that he was not psychotic at the time of his escape from Allenwood in 1957. It is our finding that the patient is able to cooperate with counsel and to assist in his own defense and that he is mentally competent and was competent at the time of his escape and subsequent trial." This report was signed by all members of the Board.

The aforesaid affidavit of Paul E. Johnson, Esq., set forth, inter alia, as follows: "I represented the within-named Defendant, John Lewis Henderickson, (sic) on or about April 28, 1958 before your Honorable Court on the charges of escape and theft; that to the best of my recollection, the said Defendant, John Lewis Henderickson, (sic) was of ordinary intelligence and understanding, and was able to assist me in every way possible in the defense of his case, and that there was no indication that he was mentally incompetent in any respect."

In addition to the above, Dr. Witkin testified as follows: "All the psychiatrists who have ever seen this man agreed as far as I can see that he wasn't psychotic and not incompetent. * * * the Board came to the conclusion that Mr. Hendrickson is not psychotic, and that he is competent now, and from reviewing his record we have reason to believe that he was competent at the time of his trial and able to defend himself and assist counsel."

From the testimony of the witnesses, the exhibits, the arguments of counsel and my own conclusions arrived at after closely observing defendant during his trial and at the hearing on the instant motion, I make the following

FINDINGS OF FACT

1. John Lewis Hendrickson was mentally competent to understand the proceedings against him and to properly assist in his own defense.

2. John Lewis Hendrickson was not psychotic nor mentally incompetent during his trial on April 29, 1958.

3. John Lewis Hendrickson has not sustained the burden of proof resting on him to show that at the time of his trial he was mentally incompetent to understand the proceedings against him and to properly assist in his own defense or that he was incompetent to stand trial.

This defendant was a prisoner at a Federal Prison Camp and while a prisoner he escaped, taking with him a Government Jeep. Certainly, so far as the escape charge is concerned, it is difficult to see how there could have been a defense and yet defendant plead "Not Guilty." He was given a jury trial, he was ably represented, and he was mentally competent to stand trial and aid in his defense. There is absolutely no merit to this motion. Accordingly, the motion will be denied.